IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DAVID DENNEY,

      Plaintiff,

v.                                       CIVIL ACTION NO. 3:08-0803

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM ORDER

      In this action, filed under the provisions of 42 U.S.C. § 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

      Plaintiff protectively filed his application on January 27, 1997, alleging disability as a consequence of shortness of breath, back problems, chest pain and heartburn. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

      At the time of the administrative decision, plaintiff was fifty years of age and had obtained a high school education. He has no past relevant employment experience. In his decision, the

administrative law judge determined that plaintiff suffers from "lumbar spine pathology, GERD and COPD," impairments which he considered severe. Concluding that plaintiff had the residual functional capacity for a limited range of light level work and relying on Rules 202.13 and 202.20 of the Medical Vocational Guidelines[1] and the testimony of a vocational expert, the administrative law judge found plaintiff not disabled.

At the outset, it is noted that plaintiff has submitted additional evidence with his briefs consisting of (1) a lumbar spine MRI performed on April 17, 2008 and (2) a subsequent favorable decision by the Commissioner. Neither of these documents were part of the administrative record and they are considered only insofar as they bear on plaintiff's motion to remand.

Remand on the basis of newly discovered evidence is appropriate if: (1) the evidence is relevant and not cumulative; (2) the Commissioner's decision "might reasonably have been different" had that evidence been presented; (3) good cause for failure to submit the evidence before the Commissioner is established; and (4) plaintiff offers "at least a general showing of the nature" of the newly discovered evidence. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

In the instant case, the decision of the administrative law judge finding plaintiff not disabled was rendered on July 28, 2006 ("first decision"). On April 22, 2009, following the filing of a second application a different administrative law judge issued a favorable decision finding plaintiff disabled as of February 24, 2007 ("second decision"), seven months after the first denial by an administrative law judge and fourteen months prior to the Appeal Council's denial of review. For the reasons hereafter set forth, the Court finds that this matter must be remanded for consideration of this second decision as new and material evidence.

---

[1] 20 C.F.R. Pt. 404, Subpart P, App. 2, Table No. 2

The second decision finding plaintiff disabled as of a date falling between the administrative law judge's decision and the Appeal Council's denial of review obviously raises questions concerning whether plaintiff was actually disabled during the relevant period of time for the first decision. It is unclear, based on the evidence before this Court, whether the second decision was based on any of the same evidence that was available to the first administrative law judge. It is worth noting, however, that the second administrative law judge determined, as did the first administrative law judge, that plaintiff had the residual functional capacity for light work. The primary difference between the two decisions appears to be with regard to plaintiff's credibility as a witness; with the favorable decision finding him to be generally credible, and the first decision finding his credibility to be poor. Additionally, the vocational expert in the second decision testified that given plaintiff's age, education, work experience, and residual functional capacity, no jobs existed in the national economy that he could perform. It is, thus, unclear to this Court what, if anything, had changed in this short period of time to cause the plaintiff to become disabled.

The factual scenario of this case is almost identical to that of M.I.A. v. Astrue, No. 07-5742, 2008 WL 4681381 (E.D.La. Oct. 20, 2008), where the Court held that the award of disability benefits in the time between the administrative law judge's decision and the Appeal Council's denial of review was new evidence because there was a "reasonable possibility that the outcome of the decision ... would have changed." Cases within this district have consistently held that a disability determination that commences very near in time after an administrative law judge's opinion that plaintiff is not disabled constitutes new and material evidence necessitating remand. See Bradley v. Barnhart, 463 F.Supp.2d 577 (S.D.W.Va.2006); Reichard v. Barnhart, 285 F.Supp.2d 728 (S.D.W.Va. 2003). While the time period in this case is a matter of months, as opposed to days, this

Court finds the same logic applies. Evidence considered in reaching the second, favorable decision, "might well have changed the outcome in this case . . .." Bradley v. Barnhart, supra at 580. That determination, however, must be made by the Commissioner. Accordingly, remand is appropriate so that the Commissioner's decision on the second application and the evidence upon which it relied can be examined to determine whether modification of the first decision is necessary.

On the basis of the foregoing, it is **ORDERED** that, pursuant to sentence six, this case be remanded to the Commissioner for consideration of new evidence.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: November 25, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE